JOHN TYMCZYSZYN
John T Law, PLLC
155 108th Ave NE, Suite 210
Bellevue, WA 98004
Telephone: 425.533.2156

THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Alysha E. Chandra, | NO.  20-cv-5787 |
| Plaintiff, | COMPLAINT AND DEMAND FOR TRIAL BY JURY |
| v. | |
| Pierce County Prosecutor's Office, and Mary Robnett, individually, Defendants. | **EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

## I.      INTRODUCTION

1.      This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA) and is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

2.      Plaintiff, Alysha E. Chandra (hereinafter "Ms. Chandra" or Plaintiff"), by the undersigned attorneys, as stated herein.

## II.      PARTIES AND JURISDICTION

3.      Ms. Chandra resided in the State of Washington and was an employee of Defendants at all times pertinent hereto.

COMPLAINT AND DEMAND FOR JURY TRIAL -  1

4.    At all times relevant to this lawsuit Ms. Chandra was an enlisted accession to officer candidate in the Army National Guard.

5.    Defendant, Pierce County Prosecutor's office is an employer in Washington.

6.    Defendant, Mary Robnett, is the Pierce County Prosecutor.

7.    Each of the above individual Defendants exercised control over the employment benefits and opportunities of Ms. Chandra, was a primary decision maker regarding Defendants' violation of Ms. Chandra's rights, and for the purposes of 38 U.S.C. §§ 4303(4) and 4323(c)(2) is a private employer.

8.    All acts complained of occurred within the Western District of Washington.

9.    The Federal Court for the Western District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 38 U.S.C. § 4323(b), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a).

10.    Venue is proper in the Eastern District of Washington under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions complained herein occurred in the District and Defendants conduct business there.

### III.    INTRADISTRICT ASSIGNMENT

11.    This action arose in Pierce County, Washington; therefore, pursuant to local rules it should be assigned to the Tacoma Division of the Western District of Washington.

### IV.    FACTS

12.    On January 16, 2020, Defendants interviewed Ms. Chandra for the position of Deputy Prosecuting Attorney (DPA) with the pay scale of (County Attorney 1).

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

1   13.   On January 17, 2020, Ms. Chandra was hired as a DPA in the firm

2   assigned to certain misdemeanor cases.

3   14.   On January 22, 2020, Ms. Chandra began employment with the

4   defendants and was assigned to the courtroom of Pierce County District Court Judge,

5   Lizanne Padula.

6   15.   Ms. Chandra was paid a salary of $70,673.81 a year, and other valuable

7   benefits of employment.

8   16.   On or about March 26, 2020 Ms. Chandra emailed Deputy Prosecuting

9   Attorney (DPA) Diana Chen about her intention of attending military training to become

10   an officer and Judge Advocate General (JAG) in the Army National Guard.

11   17.   Ms. Chen responded positively and indicated her support for military

12   service.

13   18.   Between March 26, 2020 and April 20, 2020, Ms. Chandra spoke to

14   persons in the workplace about her joining the Army National Guard.  These people

15   included DPA's Michael McMillan, James Atchley and Patrick Vincent.

16   19.   On April 22, 2020, Ms. Chandra officially joined the Army National Guard

17   as an E-4 specialist with a Military Occupational Specialty of 09S (Officer Candidate).

18   20.   Between April 22, 2020 and April 23, 2020, Ms. Chandra exchanged emails

19   with Human Resources Manager, Gayle Robbins to arrange military leave.

20   21.   On April 23, 2020, Ms. Chandra received an email response from Human

21   Resources Manager, Gayle Robbins that stated:

22          Hi Alysha:

23          I had a conversation with Lana who has also spoken with
            Mary. Unfortunately, due to the current hiring freeze and
24

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

1   already being down two positions in our Misdemeanor Unit we
2   are not in a position to approve extended leave at this time.
    As the climate stabilizes in the future we would be open to
3   revisiting your request.

4   GAYLE ROBBINS
    HUMAN RESOURCES MANAGER
5   PIERCE COUNTY PROSECUTING ATTORNEY'S OFFICE

6       22.     In direct contravention of USERRA, 20 C.F.R. §§ 1002.104, 1002.87,
7   defendants denied Ms. Chandra military leave.

8       23.     On or about April 25th Ms. Chandra called Ms. Robbins via phone. Ms.
9   Robbins said that:

10      a.  It would be hard to staff Ms. Chandra's cases because of the hiring freeze.

11      b.  The firm was "not in a position to have Ms. Chandra on extended leave."

12      c.  She [Ms. Chandra] should "hold-off" on reporting to the military.

13      d.  Military leave might interfere with Ms. Chandra's probation and the handling of
14          this leave was a discretionary matter for the firm to decide.

15      e.  Military leave was not protected because Ms. Chandra was still on probation.

16      24.     Ms. Chandra had a phone conversation with Diana Chen on or about April
17  25, 2020.  Ms. Chen said that there was an employee named Patrick Vincent who was
18  a member of the military and "he hasn't really moved up at the prosecutor's office
19  because his military career has him out of town frequently; and that's why he is still doing
20  remedial felonies."

21      25.     After Ms. Chandra received the above email she responded by asking for
22  a letter from the defendant that she could show the United States Army in order to delay
23  her report date of June 22, 2020 to Fort Jackson, South Carolina.

24

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

26.     Ms. Chandra did not receive a response to her request, but was eventually told that the defendant did not wish to provide her with such a letter.

27.     On or around April 27, 2020, Ms. Chandra called her supervisor DPA Diana Chen to report her concerns and the defendant's violation of the USERRA.

28.     Ms. Chen told Ms. Chandra that she was "shocked" and did not foresee this happening. She also advised Ms. Chandra to "hold off until things with COVID simmered down" and then readdress the issue with the defendant(s).

29.     Based on her conversation with Ms. Chen, Ms. Chandra reported the situation to National Guard Recruiter, Sergeant Dunnington.  Ms. Chandra asked for her report date to be delayed because of her fear of losing her job with the defendant.

30.     On or about May 1, 2020, Sergeant Dunnington was able to delay Ms. Chandra's report date to the Army until August 31, 2020.  Her destination was also changed to Fort Sill, Oklahoma.

31.     In June of 2020, Ms. Chandra received an email from her direct supervisor Diane Clarkson telling Ms. Chandra that she was "impressed with her work performance" and to keep up the good work.

32.     In June 2020 court operations in the Pierce County District Court slowly resumed after COVID-19 closures.

33.     Ms. Chandra took this opportunity to re-address the issue of reporting to the Army with the Ms. Chen and asked Ms. Chen to talk to others within the office about her upcoming obligation to report to the Army on August 31, 2020.

COMPLAINT AND DEMAND FOR JURY TRIAL -  5

1
2
3

34.     On or about July 9, 2020 Ms. Chen informed Ms. Chandra that Ms. Robbins from HR and Ms. Clarkson had said that they "weren't in a position to have Ms. Chandra gone for 9 weeks."

4
5

35.     Ms. Chen also stated to Ms. Chandra that "things would have been different had Ms. Chandra disclosed her interest in military service during her hiring process."

6
7

36.     In direct contravention of USERRA, 20 C.F.R. §§ 1002.104, 1002.87, defendants denied Ms. Chandra military leave.

8
9
10

37.     Ms. Chandra told Ms. Chen that "this doesn't make any sense since two DPA's were just on maternity/paternity leave, and that if I got pregnant this would not be an issue."

11
12

38.     On July 9, 2020 Ms. Chen responded by telling Ms. Chandra that "parenthood is protected and this military duty is not."

13
14

39.     Ms. Chandra told Ms. Chen that she was incorrect and that "Military service is protected as well."

15
16
17

40.     On Friday, July 10, 2020, Ms. Chen told Ms. Chandra to "hold off on making any decisions" because administration was going to look into her request for military leave further and would get back to her next week.

18
19
20

41.     Ms. Chen also stated that she "encouraged military service" and that her views on the importance of military service were "different than the views of others in the office."

21
22

42.     On Monday, July 13, 2020, Ms. Chandra received a 6-month performance review with various positive and negative feedback.

23
24

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

43.     An in-person meeting was scheduled between Ms. Chandra and Ms. Clarkson to review the performance review on July 15, 2020.

44.     On July 15, 2020, Ms. Chandra appeared in person to have an in-person conversation about her 6-month performance review with Ms. Chen and Ms. Clarkson.

45.     At the meeting Ms. Clarkson handed Ms. Chandra a letter of termination signed by elected Pierce County prosecutor Mary Robnett.  The letter stated:

> "Your employment is terminable at-will, with or without cause and I am exercising my option not to continue your employment at this time."

46.     Defendants' termination "at-will" is a pretext to hide unlawful discrimination and relation.

47.     Ms. Robnett's letter stated no specific reason for termination.

48.     Ms. Chandra suffered economic injury, as well as other harms and losses as a result of Defendants' failure to follow USERRA and Washington law.

49.     Defendants' actions are the direct and proximate cause of Ms. Chandra's damages.

50.     As a result of Defendants' unlawful conduct in violation of USERRA and Washington law, Ms. Chandra has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.  Further, as a result of Defendants' unlawful conduct and the necessity of this action to seek a remedy, Ms. Chandra fears further retaliation (*i.e.* the continued disparagement of her in comments by Defendants to Ms. Chandra's colleagues in the legal community) against her employment prospects, and rights by Defendants or its managers, directors or employees.  As such, any

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

1   employment relationship that Ms. Chandra may have enjoyed with Defendants prior to

2   the filing of this action is irreparably damaged through no fault of Ms. Chandra.

3        51.    Upon information and belief, Defendants are a party to contracts with the

4   State of Washington which prohibit Defendants from discrimination against veterans and

5   military service members and further evidence of its knowing and reckless disregard for

6   the protections afforded a service member under USERRA.

7        52.    At all times relevant hereto, Defendants had a duty to conduct themselves

8   in compliance with the law, including USERRA and ensure its managers and agents

9   followed the Act.

10       53.    The above-referenced actions by Defendants, and their agents, breached

11  those duties.

12       54.    To the extent that Defendants allege application of any agreement that

13  constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void,

14  inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

15       55.    Upon information and belief, Defendants maintained workplace posters

16  that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

17       56.    Defendants are highly trained legal professionals, with experience and

18  immediate access to the provisions of USERRA and the laws of the state of Washington,

19  with the support of a sophisticated Human Resources Department, including immediate

20  access to professional human resources personnel, and specially trained employment

21  counsel.

22

23

24

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## V.  CAUSES OF ACTION

### (CAUSE OF ACTION NO. 1 – VIOLATION OF 38 U.S.C. § 4311(a) - DISCRIMINATION)

1.      Under 38 U.S.C. § 4311(a) an employee shall not be denied retention in employment by an employer on the basis of a duty to perform a military obligation.

2.      Ms. Chandra's requirement that she enter active duty for Officer training is a military obligation.

3.      Ms. Chandra's military service was a motivating factor in Defendants' decision to terminate her employment given, *inter alia,* the closeness in time (hours) between Ms. Chandra informing the Defendants of her military obligation, the Defendants' statement denying military leave, in contravention of clearly stated prohibition under USERRA.

4.      Defendants' termination of Ms. Chandra and subsequent acts, constitute adverse employment actions that has caused Ms. Chandra damages in an amount to be proven at trial.

### (CAUSE OF ACTION NO. 2 – VIOLATION OF 38 U.S.C. § 4311(b) - RETALIATION)

5.      Under 38 U.S.C. § 4311(b) an employer may not discriminate in employment or take any adverse employment action against any such person because such person has taken an action to enforce a right or protection or exercise a right afforded under USERRA.

6.      Ms. Chandra's actions to enforce a protection afforded her under USERRA, or to exercise a right provided by USERRA, was a motivating factor in Defendant's decision to deny Ms. Chandra employment and benefits of employment.

COMPLAINT AND DEMAND FOR JURY TRIAL -  9

7.      Defendants unlawfully retaliated against Ms. Chandra, among other ways, by denying Ms. Chandra employment and benefits of employment because she took action to enforce a protection afforded her under USERRA or to exercise a right provided by USERRA.  Defendants continue to retaliate against Ms. Chandra by their continued disparagement of her in comments made to Ms. Chandra's colleagues in the legal community and attempting to negatively influence her future employment prospects.

### (CLAIM FOR LIQUIDATED DAMAGES – 38 U.S.C. § 4323)

8.      Plaintiff is entitled to liquidated damages under USERRA because the Defendants knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

### (CAUSE OF ACTION NO. 3 - VETERANS DISCRIMINATION - VIOLATION OF RCW 49.60.030 & RCW 49.60.180)

9.      Under the Washington Law Against Discrimination an employer cannot take an adverse action against an employee on, *inter alia,* account of that employee's military/veteran status.

10.    Defendants violated Ms. Chandra's WLAD-guaranteed protection from military related employment discrimination for the reasons stated above.

11.    Defendants' violations of the WLAD have caused Ms. Chandra damages in an amount to be proven at trial.

### V.      PRAYER FOR RELIEF

Plaintiff respectfully prays for:

A.      Compensation for all injury and damages suffered by Ms. Chandra including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial including back pay, front pay, pre and post judgment interest, lost

benefits of employment, adverse tax consequences of any award for economic damages pursuant to Chapter RCW 49.60 et seq., liquidated damages under both federal and Washington law for willful violations as it relates to the improper withholding of wages and benefits and general damages relating to emotional distress and mental anguish damages as provided by law.

B.     Plaintiff's reasonable attorneys, expert fees, and costs, pursuant to 38 U.S.C. § 4323, and as otherwise provided by law under RCW 49.48.030 and 49.60.030(2), as well as the *private attorney general* theory of recovery of reasonable attorney fees and costs in employment related cases.

C.     For such other and further relief as this Court deems just and equitable.

Respectfully submitted this August 5, 2020.

*/s John M. Tymczyszyn*
JOHN M. TYMCZYSZYN
John T Law, PLLC
155 108th Ave NE
Bellevue, WA  98004
Telephone: 425.533.2156

*/s Thomas G. Jarrard*
THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290

Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL -  11